**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**COLLEEN DOWNS,**

    **Plaintiff,**

                                     **CASE NO.:**

**v.**

**CHUKWUKA C. OKAFOR, M.C., M.B.A., P.A.**
**d/b/a SPINE INSTITUTE OF CENTRAL FLORIDA,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, COLLEEN DOWNS, by and through undersigned counsel, brings this action against Defendant, CHUKWUKA C. OKAFOR, M.C., M.B.A., P.A. d/b/a SPINE INSTITUTE OF CENTRAL FLORIDA, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Polk County, which is in this District.

## PARTIES

4.     At all times material hereto, Plaintiff was a resident of Polk County, Florida, and she worked in Polk County, Florida.

5.     Defendant is located in Lakeland, in Polk County, Florida.

## GENERAL ALLEGATIONS

6.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

7.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

8.     Plaintiff has satisfied all conditions precedent, or they have been waived.

9.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

11.     Plaintiff began employment with Defendant in or around December 2024.

12.     Plaintiff was a qualified individual with a disability or who was perceived as being disabled.

13.     Specifically, Plaintiff suffers from spindle cell melanoma, a highly aggressive cancer.

2

14.   Plaintiff's cancer substantially limits one or more major life activities, including normal cell growth, immune system function, eating, sleeping, stamina, and concentrating.

15.   Accordingly, Plaintiff's cancer constitutes a disability under the ADA and FCRA.

16.   In the alternative, Defendant perceived Plaintiff as disabled, due to Plaintiff's cancer.

17.   On or around December 16, 2024, Plaintiff disclosed to her supervisor that she was receiving treatment for a highly aggressive cancer.

18.   Around this same time, Plaintiff required and requested the reasonable accommodation of periodic time off from work, due to medical appointments for her cancer.

19.   In or around early January 2025, Plaintiff told Defendant that her immunotherapy appointments were supposed to last until June 2025.

20.   Shortly thereafter, on or around February 18, 2025, Defendant's Human Resources representative and Plaintiff's supervisor met with Plaintiff regarding an apparent typo that had occurred regarding medication dosage, which the pharmacy caught.

21.   Despite the fact that it was, ultimately, the responsibility of the provider to ensure there were no such errors, Defendant blamed Plaintiff for this issue.

22.     On or around February 20, 2025, Plaintiff told Defendant that her treatment regimen was being switched to radiation, which would require more frequent appointments.

23.     Plaintiff informed Defendant that her radiation would be five (5) days per week, each week, but only for six (6) weeks.

24.     Plaintiff required and requested the reasonable accommodation of being permitted to take off in the afternoons for her cancer treatment, for only this six-week period of time, as her radiation was scheduled for 3:00pm each day.

25.     By requesting this reasonable accommodation, Plaintiff engaged in protected activity.

26.     However, Defendant failed to provide Plaintiff with this reasonable accommodation and failed to otherwise engage in the interactive process.

27.     Instead, only around five (5) days later, Defendant terminated Plaintiff's employment based on her disability and in retaliation for Plaintiff having engaged in protected activity.

28.     In terminating Plaintiff's employment, Defendant violated the ADA and the FCRA.

## <u>COUNT I – ADA VIOLATION</u>
## (DISABILITY DISCRIMINATION)

29.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 24, and 27 through 28 of this Complaint, as though fully set forth herein.

30.     Plaintiff is a member of a protected class under the ADA.

4

31.    Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, including termination of Plaintiff's employment.

32.    Defendant's actions were willful and done with malice.

33.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter an injunction restraining continued violation of the ADA;

d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)    Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery obtained.

j)      All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

34.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 and 26 through 27 of this Complaint, as though fully set forth herein.

35.    Plaintiff is disabled, or was perceived by Defendant as being disabled.

36.    Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, which would have allowed her to perform the essential functions of her job, and failed to otherwise engage in the interactive process regarding reasonable accommodations, and shortly thereafter terminated her employment.

37.    Defendant's actions were willful and done with malice.

38.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issues and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of law enumerated herein;

6

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25, and 27 through 28 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under the ADA.

41. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

42. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

43. Defendant's actions were willful and done with malice.

44. The adverse employment action that Defendant took against Plaintiff was material.

45.    Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)    That this Court enter an injunction restraining continued violation of the ADA;

e)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)    Any other compensatory damages, including emotional distress, allowable at law;

i)    Punitive damages;

j)    Prejudgment interest on all monetary recovery obtained.

k)    All costs and attorney's fees incurred in prosecuting these claims; and

l)    For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (DISABILITY DISCRIMINATION)

46.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 24, and 27 through 28 of this Complaint, as though fully set forth herein.

47.    Plaintiff is a member of a protected class under the FCRA, due to her disability.

48.    Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability, including termination of Plaintiff's employment.

49.    Defendant's actions were willful and done with malice.

50.    Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

9

d)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)      Any other compensatory damages, including emotional distress, allowable at law;

f)      Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained.

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

51.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 24 and 26 through 27 of this Complaint, as though fully set forth herein.

52.     Plaintiff is disabled, or was perceived by Defendant as being disabled.

53.     Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, which would have allowed her to perform the essential functions of her job, and failed to otherwise engage in the interactive process regarding reasonable accommodations, and shortly thereafter terminated her employment.

54.     Defendant's actions were willful and done with malice.

55.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)      Any other compensatory damages, including emotional distress, allowable at law;

f)      Punitive damages;

g)      Prejudgment interest on all monetary recovery obtained.

h)      All costs and attorney's fees incurred in prosecuting these claims; and

i)      For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

56.     Plaintiff realleges and readopts the allegations paragraphs 1 through 25, and 27 through 28 of this Complaint, as though fully set forth herein.

57.     Plaintiff is a member of a protected class under the FCRA, due to her disability.

58.     Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

59. Defendant retaliated against Plaintiff by terminating her employment.

60. Defendant's actions were willful and done with malice.

61. Defendant took material adverse action against Plaintiff.

62. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of June, 2026.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**