**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

COLLEEN DOWNS, Case No: 8:26-cv-01623-TPB-LSG

Plaintiff,
v.

CHUKWUKA C. OKAFOR, M.C., M.B.A., P.A.
d/b/a SPINE INSTITUTE OF
CENTRAL FLORIDA,

Defendants.
_________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Chukwuka C. Okafor, M.C., M.B. D/B/A Spine Institute of Central Florida ("Defendant"), through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby answer Plaintiff's Complaint (Doc. 1) and assert answers and affirmative defenses as follows:

**Jurisdiction and Venue**

1. Defendant denies allegations in Paragraph 1.

2. Defendant admits allegations on Paragraph 2 only to the extent that it grants this Court subject matter jurisdiction, but otherwise denies the allegations set forth in Paragraph 2.

3. Defendant admits allegations on Paragraph 3 only to the extent that its grants this Court proper venue, but otherwise denies the allegations set forth in Paragraph.

**The Parties**

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5. Defendant admits allegations set forth in Paragraph 5.

**General Allegations**

6. Defendant admits allegations set forth in Paragraph 6.

7. Defendant admits allegations set forth in Paragraph 7.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies them.

10. Defendant denies that a jury trial is proper as set forth in Paragraph 10.

**Facts**

11. Defendant admits allegations set forth in Paragraph 11.

12. Defendant is without knowledge and therefore denies allegations set forth in Paragraph 12.

13. Defendant is without knowledge and therefore denies allegations set forth in Paragraph 13.

14. Defendant is without knowledge and therefore denies allegations set forth in Paragraph 14.

15. Defendant denies allegations set forth in Paragraph 15.

16. Defendant denies allegations set forth in Paragraph 16.

17. Defendant denies allegations set forth in Paragraph 17.

18. Defendant denies allegations set forth in Paragraph 18.

19. Defendant denies allegations set forth in Paragraph 19.

20. Defendant denies allegations set forth in Paragraph 20.

21. Defendant denies allegations set forth in Paragraph 21.

22. Defendant denies allegations set forth in Paragraph 22.

23. Defendant denies allegations set forth in Paragraph 23.

24. Defendant denies allegations set forth in Paragraph 24.

25. Defendant denies allegations set forth in Paragraph 25.

26. Defendant denies allegations set forth in Paragraph 26.

27. Defendant denies allegations set forth in Paragraph 27.

28. Defendant denies allegations set forth in Paragraph 28.

**COUNT I ADA VIOLATION**
**(DISABILITY DISCRIMINATION)**

29. Defendant realleges and incorporates by references the defense set forth in Paragraphs 1 through 24, and 27 through 28 of Complaint

30. Defendant denies allegations set forth in Paragraph 30.

31. Defendant denies allegations set forth in Paragraph 31.

32. Defendant denies allegations set forth in Paragraph 32.

33. Defendant denies allegations set forth in Paragraph 33.

In response to the unenumerated WHEREFORE Paragraph immediately following Paragraph 33, Defendant denies the allegations including subsections a to k and further denies Plaintiff is entitled to any relief sought.

**COUNT II ADA VIOLATION**
**(DENIAL OF REASONABLE ACCOMODATION)**

34. Defendant realleges and incorporates by references the defense set forth in Paragraphs 1 through 24, and 26 through 27 of Complaint.

35. Defendant denies allegations set forth in Paragraph 35.

36. Defendant denies allegations set forth in Paragraph 36.

37. Defendant denies allegations set forth in Paragraph 37.

38. Defendant denies allegations set forth in Paragraph 38.

In response to the unenumerated WHEREFORE Paragraph immediately following Paragraph 38, Defendant denies the allegations including subsections a to j and further denies Plaintiff is entitled to any relief sought.

**<u>COUNT III ADA RETALIATION</u>**

39. Defendant realleges and incorporates by references the defense set forth in Paragraphs 1 through 25, and 27 through 28 of Complaint

40. Defendant denies allegations set forth in Paragraph 40.

41. Defendant denies allegations set forth in Paragraph 41.

42. Defendant denies allegations set forth in Paragraph 42.

43. Defendant denies allegations set forth in Paragraph 43.

44. Defendant denies allegations set forth in Paragraph 44.

45. Defendant denies allegations set forth in Paragraph 45.

In response to the unenumerated WHEREFORE Paragraph immediately following Paragraph 45, Defendant denies the allegations including subsections a to l and further denies Plaintiff is entitled to any relief sought.

**COUNT IV – FCRA VIOLATION**
**(DISABILITY DISCRIMINATION)**

46. Defendant realleges and incorporates by references the defense set forth in Paragraphs 1 through 24, and 27 through 28 of Complaint

47. Defendant denies allegations set forth in Paragraph 47.

48. Defendant denies allegations set forth in Paragraph 48.

49. Defendant denies allegations set forth in Paragraph 49.

50. Defendant denies allegations set forth in Paragraph 50.

In response to the unenumerated WHEREFORE Paragraph immediately following Paragraph 50, Defendant denies the allegations including subsections a to i and further denies Plaintiff is entitled to any relief sought.

**COUNT V – FCRA VIOLATION**
**(DENIAL OF REASONABLE ACCOMMODATION))**

51. Defendant realleges and incorporates by references the defense set forth in Paragraphs 1 through 24, and 26 through 27 of Complaint

52. Defendant denies allegations set forth in Paragraph 52.

53. Defendant denies allegations set forth in Paragraph 53.

54. Defendant denies allegations set forth in Paragraph 54.

55. Defendant denies allegations set forth in Paragraph 55.

In response to the unenumerated WHEREFORE Paragraph immediately following Paragraph 55, Defendant denies the allegations including subsections a to i and further denies Plaintiff is entitled to any relief sought.

**COUNT VI – FCRA VIOLATION**

56. Defendant realleges and incorporates by references the defense set forth in Paragraphs 1 through 25, and 27 through 28 of Complaint

57. Defendant denies allegations set forth in Paragraph 57.

58. Defendant denies allegations set forth in Paragraph 58.

59. Defendant denies allegations set forth in Paragraph 59.

60. Defendant denies allegations set forth in Paragraph 60.

61. Defendant denies allegations set forth in Paragraph 61.

62. Defendant denies allegations set forth in Paragraph 62.

In response to the unenumerated WHEREFORE Paragraph immediately following Paragraph 62, Defendant denies the allegations including subsections a to i and further denies Plaintiff is entitled to any relief sought.

**JURY TRIAL DEMAND**

Defendant denies there is reason for a jury trial.

## GENERAL DENIAL

All allegations in the Complaint not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Any employment actions taken with respect to Plaintiff were based upon legitimate, lawful, nondiscriminatory, and non-retaliatory business reasons unrelated to Plaintiff's alleged disability or any protected activity.

### THIRD DEFENSE

If any of the unlawful acts and omissions alleged in the Complaint were engaged in by Defendant, which Defendant vigorously deny, they did not engage in such acts or omissions knowingly, intentionally or willfully, and therefore, Plaintiff’s claims for liquidated damages are barred.

### FOURTH DEFENSE

Defendants provided Plaintiff with all reasonable accommodations required by law, and no reasonable accommodation was denied.

### FIFTH DEFENSE

Plaintiff failed to make a legally sufficient request for a reasonable

accommodation and/or failed to participate in good faith in the interactive process. Any breakdown in the interactive process was caused by Plaintiff.

**SIXTH DEFENSE**

Plaintiff did not suffer an adverse employment action within the meaning of the ADA or the Florida Civil Rights Act.

**SEVENTH DEFENSE**

There is no causal connection between Plaintiff's alleged disability, any protected activity, and any employment action taken by Defendants.

**EIGHTH DEFENSE**

Defendants acted at all times in good faith and in conformity with applicable federal and Florida law. Accordingly, Plaintiff is not entitled to liquidated, punitive, or enhanced damages.

**NINTH DEFENSE**

Defendants affirmatively state that any employment actions taken with respect to Plaintiff, including the termination of his employment, were based solely upon Plaintiff's poor job performance, inability to satisfactorily perform the essential functions of his position, and other legitimate business considerations. During Plaintiff’s probational employment period, Plaintiff was not meeting

Defendants' legitimate performance expectations, and Defendants would have taken the same employment actions regardless of any alleged disability or any protected activity. Accordingly, Plaintiff's claims for disability discrimination and retaliation under the Americans with Disabilities Act and the Florida Civil Rights Act are barred, in whole or in part.

**TENTH DEFENSE**

Defendants expressly reserves the right to assert additional affirmative defenses as they become known or available during the course of discovery and litigation.

Dated this 29th day of July 2026.

Respectfully submitted,

Spire Law, PLLC
400 Fontana Circle #105
Oviedo, FL 32765

By: *<u>/s/ Jesse I. Unruh</u>*
Jesse I. Unruh, Esq.
Florida Bar No. 93121
Monica Monsalve-Burr
Florida Bar No. 1031295
jesse@spirelawfirm.com
monica@spirelawfirm.com
margarita@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Defendant*s

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2026, the foregoing was electronically filed through the CM/ECF system, which will send a notice of electronic filing to all counsel of record and *pro se* parties.

*/s/ Jesse Unruh*
Attorney