**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**COLLEEN DOWNS,**

**Plaintiff,**

**v.** **CASE NO.: 8:26-CV-01623-TPB-LSG**

**CHUKWUKA C. OKAFOR, M.C., M.B.**
**d/b/a SPINE INSTITUTE OF**
**CENTRAL FLORIDA,**

**Defendant.**
_______________________________/

## UNIFORM CASE MANAGEMENT REPORT

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on July 21, 2026. Brandon J. Hill for Plaintiff and Jesse Unruh for Defendant attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| **Action or Event** | **Date** |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 8/14/2026 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/20/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).<br>Plaintiff | 3/1/2027 |
| Defendant | 3/29/2027 |
| Rebuttal | 4/26/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 6/25/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 7/26/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>R. Scott Callen<br>Address: 2915 Kerry Forest Pkwy #101,<br>Tallahassee, FL 32309<br>Phone: (850) 545-8927 | 5/28/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 12/6/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 12/13/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 12/20/2027 |
| Month and year of the trial term. | Feb. 2028 |

The trial will last approximately 3-4 days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

Plaintiff brings this action asserting claims for disability discrimination, denial of reasonable accommodation, and retaliation under the Americans with Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA").
Defendant denies all allegations in Plaintiff's complaint.

## 4. Disclosure Statement

☒ The parties have each filed a disclosure statement using the required form.

## 5. Related Action

☒ The Parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ Plaintiff does not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

| |
|---|
| The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District. |

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes:

B. Discovery may be needed on these subjects: Plaintiff's employment with Defendant, Plaintiff's termination, Plaintiff's allegations of disability discrimination, Plaintiff's requests for reasonable accommodations, Defendant's response to Plaintiff's requests for reasonable accommodations, Plaintiff's allegations of retaliation, comparator evidence, communication between the Parties, and damages.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes; 1. The parties will serve all discovery requests by E-mail in .pdf format or Microsoft Word. An original via U.S. Mail or by hand delivery is not required unless the discovery is being served via hand delivery.
2. Service of written discovery responses will be E-Mail in .pdf format; service of responsive documents will be either printed or in .pdf format (unless the nature of the document prevents adequate conversion to paper or .pdf) and served by U.S. Mail (or other reliable delivery service) or in .pdf format via e-mail or large file transfer system.
3. Responses to interrogatories, requests to produce, and requests for admissions will include both the question posed followed by the response.
4. Documents, including any electronic discovery, will be produced in .pdf format or by printing the electronic documents (unless the nature of the document prevents adequate conversion to paper or .pdf). Electronic discovery need not be produced in its natural form, unless the authenticity of a particular document becomes an issue in the case.

5. All parties provide consent that e-mail is an acceptable method of serving litigation papers regarding discovery and all other matters pursuant to Fed. R. Civ. P. 5(b)(2)(E).

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The Parties certify they have read and are familiar with the Court's Local Rules.

*/s/ Jesse Unruh*
Jesse Unruh, Esq.
FBN: 93121
Spire Law, PLLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
Jesse@spirelawfirm.com
sarah@spirelawfirm.com
filings@spirelawfirm.com
*Attorneys for Defendants*

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com